UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONIA N.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:23-CV-1758-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to adequately consider parts of Plaintiff's hearing testimony. Had the ALJ properly considered the evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.   Factual and Procedural History

Plaintiff filed a claim for SSI on October 29, 2019, alleging disability beginning on October 1, 2018. Dkt. 8, Administrative Record ("AR") 269–90. Her application was denied at the initial level and on reconsideration. AR 85, 93. She requested a hearing before an ALJ, which took place on February 9, 2021. AR 38–59, 133. The ALJ issued an unfavorable decision denying benefits. AR 100–16. The Appeals Council granted Plaintiff's request for review of the ALJ's decision and remanded the case for a new hearing. AR 117–21. The second hearing took place on May 2, 2023. AR 60–84. Plaintiff was represented by counsel at the hearing. *See* AR 60. The ALJ again issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 14–37. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II.   Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.   Discussion

Plaintiff contends the ALJ erred by failing to adequately address her hearing testimony and in evaluating certain medical opinion evidence. *See* Dkt. 10.

#### A.   *Plaintiff's Testimony*

The Court first addresses Plaintiff's argument that the ALJ erred by failing to properly consider her testimony about her allegedly required assistive devices and account for the alleged limitations in the RFC. Dkt. 10 at 10–12. At the hearing, Plaintiff testified she wore braces on her hands in connection with diagnoses of arthritis in her left hand and carpal tunnel in her right hand. AR 67. She testified she was "not supposed to use [her] left hand with the brace on" and she was "supposed to wear it all the time." *Id.* She indicated the braces were helpful. *Id.*

At step two of the sequential analysis, the ALJ found Plaintiff had the severe impairments of left carpal tunnel syndrome, right thumb arthritis, bilateral hand osteoarthritis, and right middle finger trigger finger, among others. AR 19. The ALJ found Plaintiff had the RFC to perform light work with certain limitations. AR 22. She found Plaintiff could frequently perform bilateral pushing or pulling with the upper extremities and could frequently handle, finger, and feel bilaterally. *Id.* In the summary of Plaintiff's hearing testimony, the ALJ noted Plaintiff's report that "she wears braces on both hands for carpal tunnel syndrome." AR 23. However, the ALJ did not address Plaintiff's testimony indicating she was supposed to wear the left hand brace all the time and that she was not supposed to use her hand while wearing the brace.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence[.]" *Id.* at 571. The Court cannot affirm the ALJ's decision when it cannot discern the ALJ's reasoning. *See Garrison*, 759 F.3d at 1010; *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Defendant contends the ALJ's reasoning can be inferred from her citations to treatment records that "provided no indication that any doctor had restricted Plaintiff to always wear braces or to avoid using one or both of her hands," including a citation to a June 2019 treatment record noting that Plaintiff was given a wrist brace and other records showing greater functioning than alleged. Dkt. 14 at 7–8. But without any written reasoning, these citations are not sufficient for the Court to determine whether the ALJ considered and rejected Plaintiff's testimony regarding the hand braces or simply ignored the evidence. Because the Court cannot make such a determination, the ALJ erred. Had the ALJ properly considered Plaintiff's testimony, the RFC may have included additional limitations. Accordingly, the ALJ's error is not harmless and requires reversal.

B. *Medical Opinion Evidence*

Plaintiff also contends the ALJ erred by failing to resolve ambiguous or conflicting statements in medical opinion evidence from Louis Enkema, M.D. Dkt. 10 at 6–9. The Court concludes the ALJ committed harmful error in failing to address parts of Plaintiff's testimony

and must re-evaluate the evidence on remand. Because Plaintiff may be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the evidence may impact the assessment of the medical evidence, the ALJ must reexamine the medical opinion evidence on remand and should consider whether ambiguities in the record exist that must be resolved.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning October 1, 2018. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 9th day of July, 2024.

David W. Christel
United States Magistrate Judge